| | |
|---|---|
| 1 | LAW OFFICE OF WILLIAM J. HEALY |
| | WILLIAM J. HEALY, #146158 |
| 2 | 748 Holbrook Pl. |
| | Sunnyvale, CA 94087 |
| 3 | Telephone: (408) 373-4680 |
| 4 | ATTORNEYS FOR |
| | JULIA DURWARD, individually and |
| 5 | as a member of Ginger Mountain Lodge LLC |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

In re:

EDDIE PASCUA BATOON and
FLORA LLANES BATOON,

    Debtors.

Case No. 23-50592

CHAPTER 7

**NOTICE OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV. 12(b)(1) OR ALTERNATIVELY COMPEL ALTERNATIVE DISPUTE RESOLUTION AND STAY ACTION, DISMISS FOR IMPROPER VENUE PURSUANT TO FED.R.CIV. 12 (b)(3), OR DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION PURSUANT TO FED.R.CIV. 12 (b)(6)**

**FED.R.BANK.PROC 7012 (B) STATEMENT**

Hearing Date: October 31, 2023
Hearing Time: 1:30 p.m.
Hearing Location:
  Courtroom 9
  Via Video/Teleconference
Hon. Stephen L. Johnson

**Adversary Proceeding No.** 23-05022

EDDIE PASCUA BATOON and
FLORA LLANES BATOON,

    Plaintiffs,

  v.

JULIA DURWARD, as an individual and
Member of Ginger Mountain Lodge LLC,
and DOES 1 TO 10,

    Defendants.

COME NOW, JULIA DURWARD, individually and as a member of Ginger Mountain Lodge LLC ("Durward" or "Movant"), and moves to dismiss the Complaint (Doc#1) pursuant to Federal Rules of Civil Procedure 12 (b)(1) or alternatively compel alternative dispute resolution and stay action, to dismiss for improper venue pursuant to FRCP 12 (b)(3), or dismiss for failure to state a cause of action pursuant to FRCP 12 9b)(6) ("Motion")[1] as follows:

## I. Summary of Motion.

The Complaint must be dismissed pursuant to FRCP 12 (b)(1), and Federal Rules of Bankruptcy Procedure 7012 (b) or alternatively compel alternative dispute resolution and stay action, dismissed for improper venue pursuant to FRCP 12 (b)(3), or dismissed for failure to state a cause of action pursuant to FRCP 12 (b)(6).[2]

The Motion is based on a provision of Ginger Mountain Lodge, LLC's ("Ginger Mountain") Operating Agreement which provides for resolution of deadlocked matters via a binding 'tie-breaker' procedure (aka alternative dispute resolution).

Movant submits the statutory basis for the Motion can be based on FRCP 12 (b)(1) or (3) or (6) and is therefore based on all three sections, but better based on FRCP 12 (b)(1) (see *Geographic Expeditions, inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

## II. Procedural Background.[3]

On June 4, 2023 Plaintiffs commenced a Chapter 11 bankruptcy proceeding (In re Batoon, U.S.B.C. (CA ND) Case #23-50592 ("Main Case"). On July 27, 2023 Plaintiffs commenced this adversary proceeding with the filing of the Complaint ("Complaint") ("Adversary Proceeding").

On August 27, 2023 Durward file a Motion To Dismiss (Doc#8) which is set for hearing on the same date/time as this Motion. This Motion supplements and parallels that motion.

## III. The Court Has Authority to Grant the Motion.

Pursuant to FRCP 12(b), made applicable by FRBP 7012 (b), provides, in pertinent part:

---

[1] "Fed.Rules.Civ.Proc.", of "Fed.R.Civ." or "FRCP" means the Federal Rules of Civil Procedure.

[2] "Fed.Rules.Bankr.Proc." or "FRBP" means the Federal Rules of Bankruptcy Procedure.

[3] A bankruptcy court may take judicial notice of its own records, as well as the records of other courts in related matters. (Fed.Rules.Evid. 201; *In re Meltzer*, 516 B.R. 504, 506 n.2 (Bankr. N.D. Ill. 2014); *SG & Co. Northeast, LLC v. Good*, 461 B.R. 532, 535 n.3 (Bankr. N.D. Ill. 2011)).

"(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
    (1) lack of subject-matter jurisdiction . . .
    (3) improper venue . . .
    (6) failure to state a claim upon which relief can be granted . . ."

As noted hereinabove, this Motion is based on FRCP 12 (b)(1), (3), and (6), but Movant believes it is better based on FRCP 12 (b)(1) (see (see *Geographic Expeditions, inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

### A. Judicial Notice is Proper on a Motion to Dismiss.

A bankruptcy court may take judicial notice of its own records, as well as the records of other courts in related matters. (Fed.Rules.Evid. 201[4]; *In re Meltzer*, 516 B.R. 504, 506 n.2 (Bankr. N.D. Ill. 2014); *SG & Co. Northeast, LLC v. Good*, 461 B.R. 532, 535 n.3 (Bankr. N.D. Ill. 2011)).

On a motion to dismiss the court may take judicial notice of facts outside the pleadings (*Mack v. South Bay Beer Distribs*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

**IV.    The Complaint Must Be Dismissed, or At Least Stayed Pending Resolution of the Alleged Deadlock Between And Among the Members of Ginger Mountain Through a Binding Dispute Alternative.**

The Complaint alleges a deadlock between and among the members of Ginger Mountain, but omits to attach the Operating Agreement and fails to mention that the Operating Agreement provides for a binder alternative dispute method for deadlocks.

The Complaint (Complaint, page 2, lines 13-16) alleges:

> "This is an action to resolve or recover ownership of debtors' property . . . , to avoid a fraudulent conveyance, and to recover on debtors' claims that belong to their bankruptcy estate, and is therefor a core proceeding under 28 U.S.C. §157, so jurisdiction and venue is appropriate in this bankruptcy court."

//

//

---

[4]"Fed.Rules.Evid." or "FRE" means Federal Rules of Evidence.

The Complaint also alleges:

> "20. There exists an actual controversy between the parties concerning their respective rights and duties because plaintiff contends that Julia Durward should not have any control or right to receive any proceeds in the sale of the real property known as Sky Lake Lodge, 2644 16 Lake Tahoe Boulevard, South Lake Tahoe, California, which defendant disputes.
>
> 21. Alternatively, the contract of sale of the real property known as Sky Lake Lodge, 2644 Lake Tahoe Boulevard, South Lake Tahoe, California was made by the lawful act of the managing member of the legal owner of the property, as registered with the California Secretary of State, and cannot be opposed, objected to or interfered with by defendant, which defendant disputes. " (Complaint, page 5, paragraphs 20-21)[5].

The Ginger Mountain Operating Agreement[6] provides for a resolution of anticipated deadlocks between the members of Ginger Mountain. Specifically, Article V Management and Control of the Company, subsection 5.3 (e) provides:

> "The Members recognize that, given initial makeup of the membership interests, the possibility of a deadlock may exits. Therefore, the Members agree that for so long as the membership interests are such that a deadlock could arise, if a majority of the Members cannot agree upon a material issue affecting ownership, management, or operation of the business of the Company, they will submit the matter for review to a neutral and mutually acceptable "tie breaker" who is familiar with the Company's business. The decision of such tie breaker shall be final and binding on the members and become the decision of the Company. If the Members are unable to agree upon a tie breaker, the deadlock will be resolved by binding mediation through JAMS or some other mutually agreed upon mediation forum as mutually agreed-upon by the Members."

Therefore, the Complaint must be dismissed, or alternatively stayed pending resolution of the alleged deadlock between and among the members of Ginger Mountain through a binding dispute

---

[5] See also Complaint, i.e. paragraphs 26-28, 37-45, and prayers A and B.

[6] A copy of an Operating Agreement is referenced in and attached to the Notice of Removal in another Adversary Proceeding before this court, Case No. 23-05016, Doc#1, page 72-93). See also Request For Judicial Notice, Exhibit A.

alternative. The court must compel such compliance, or dismiss the Complaint pursuant to FRCP 12 (b)(1), (2), and/or (6).

### A. Plaintiffs Cannot Deny Their Shared Membership in Ginger Mountain.

Plaintiffs' schedules specifically confirm they only own 50% of the membership interests in Ginger Mountain. Specifically, Debtors' Schedule A/B (Doc#1, page 22 of 62) states:

> "42. Interests in partnerships or joint ventures (name of entity . . . % of ownership . . . current value of portion you own . . . Ginger Mountain Lodge LLC 50.00 % $925,000.00"

Absent from Plaintiffs' schedules is any assertion that they owned or own 100% of Ginger Mountain. Plaintiffs cannot switch positions for the purposes of the Complaint.

Judicial estoppel is an equitable doctrine invoked by a court at its discretion and prohibits a party from assuming contrary positions simply because their interests have changed. (*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

## V. Conclusion.

The Motion must be granted as to the Complaint, and/or each cause of action therein.

Dated: August 28, 2023  LAW OFFICE OF WILLIAM J. HEALY
 */s/ William J. Healy*
 William J. Healy

### FED.R.BANK.PROC 7012 (B) STATEMENT

FRBP 7012 (b) provides "Applicability of Rule 12(b)–(i) F. R.Civ.P. Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings. A responsive pleading shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court".

JULIA DURWARD, individually and as a member of Ginger Mountain Lodge LLC ("Durward"), hereby states that she does not consent to final orders or judgment by the bankruptcy court.

Dated: August 28 2023  LAW OFFICE OF WILLIAM J. HEALY
 */s/ William J. Healy*
 William J. Healy